IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY L. FRANKLIN, JR.

    Plaintiff,                    No. CIV S-10-3277 MCE GGH P

    vs.

JAMES WEDELL,

    Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's September 7, 2011, motion to dismiss for failure to exhaust administrative remedies. Plaintiff filed a reply on September 23, 2011, and defendant filed a reply on September 28, 2011.

        This case is currently proceeding on the second amended complaint filed on June 8, 2011, with allegations that the sole defendant, Dr. Wedell, was deliberately indifferent in his treatment of plaintiff's intestinal disorder. Doc 16. Plaintiff alleged that he suffered from an intestinal disorder called H-Pylori and hemorrhoids. Dr. Wedell allegedly violated the Eighth Amendment by failing to earlier diagnosis these ailments.

\\\\

Motion to Dismiss

Legal Standard

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740, n. 5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.[1]

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief

---

[1] That the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

At the time relevant to this action, the State of California provided its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers and officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the CDCR. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Failure to exhaust administrative remedies is an affirmative defense properly raised by a defendant in an unenumerated Fed. R. Civ. P. Rule 12(b) motion. Jones v. Bock, 549 U.S. 199, 216 (2007). If the court concludes the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1119-1120 (9th Cir. 2003). Defendants bear the burden of raising and proving non-exhaustion. Id. at 1119. The court may resolve any disputed material facts on the

exhaustion issue by looking beyond the pleadings in deciding a motion to dismiss for failure to exhaust. Id. at 1119-20. No presumption of truthfulness attaches to a plaintiff's assertions associated with the exhaustion requirement. See Ritza v. Int'l Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).

Discussion

Defendant states that while plaintiff filed several appeals concerning his medical treatment, there was only one appeal related to this case. In Appeal No. SAC 10-10-10762, filed on March 22, 2010, plaintiff alleged that defendant Dr. Wedell is rude to black inmates and failed to properly treat plaintiff's chest pain, heart issue, thyroid issue, 'throat diveticulti' and pain, and a "diet which I have no diet." MTD, Exh. A. In no part of this grievance is there any reference to any intestinal problems, H-Pylori or hemorrhoids.

Plaintiff does cite to any other grievances related to this case but seems to argue that his 'throat divetculti' is sufficiently related to intestinal problems to demonstrate proper exhaustion. Assuming plaintiff is referring to esophageal diverticula, this condition occurs when a small pouch or pocket of stretched tissue develops in the throat that can cause inflamation of the esophagus, food regurgitation, difficulty swallowing, chest pain and the feeling of needing to clear one's throat. See http://uwmedicine.washington.edu/Patient-Care/Our-Services/Medical-Services/Esophageal-Gastric-Diseases/Pages/ArticleView.aspx?subId=69.

The undersigned notes that a diverticula can also form in the colon which could lead to the symptoms plaintiff alleges in the complaint. See http://www.johnshopkinshealthalerts.com/symptoms_remedies/diverticular_disorders/90-1.html. However, it is clear from the grievance that plaintiff is referring to medical problems with his throat and throat pain as there is no mention of any intestinal ailments.

In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Id. at 1120 (citations omitted). In Griffin, the plaintiff

4

failed to mention in his grievance that the remedy to his problem that had been ordered by a prison nurse had been ignored by the prison staff. As a result, the prison officials who were aware of the nurse's order, reasonably believed that the order solved the problem. In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order and the prison was never alerted "to the nature of his problem." See id. at 1121.

In the instant case, there was no way for prison officials to understand from plaintiff's grievance that the nature of his problem concerned an intestinal disorder. While plaintiff would not need to state the exact diagnosis, such as a colon diverticulosis, he needed to cite to health issues involving intestinal distress. As the grievance only described chest pain, a heart issue, a thyroid issue, 'throat diveticulti' and pain, plaintiff failed to alert prison officials of the problem he now seeks to litigate. Therefore, plaintiff has failed to exhaust administrative remedies and defendant's motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss, filed on September 7, 2011, (Doc. 25), be granted and this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

\\\\

\\\\

\\\\

\\\\

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: October 13, 2011

            /s/ Gregory G. Hollows
            UNITED STATES MAGISTRATE JUDGE

GGH: AB
fran3227.mtd